UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD REEL (#356002)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **24-221-SDD-SDJ** |
| **TIM HOOPER, ET AL.** | |

<u>**NOTICE**</u>

     Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

     In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

     **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

     Signed in Baton Rouge, Louisiana, on July 31, 2025.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD REEL (#356002)                                                CIVIL ACTION

VERSUS

                                                                     24-221-SDD-SDJ

TIM HOOPER, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Cross Motions for Summary Judgment filed on behalf of Plaintiff (R. Doc. 34) and Defendants (R. Doc. 33).

The *pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Tim Hooper and Ashli Oliveaux, complaining that his constitutional rights were violated when Defendant Oliveaux performed a sexual act on Plaintiff resulting in Plaintiff's contracting chlamydia. He prays for monetary and injunctive relief.

Plaintiff moves for summary judgment relying upon the pleadings, his Declaration, and excerpts of three grievances proceedings – LSP-2024-614, LSP-2024-0707, and LSP-2023-1821. Defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Material Facts, the Affidavit of Trish Foster, and certified copies of four grievance proceedings – LSP-2024-0147, LSP-2023-1821, LSP-2024-0614, and LSP-2024-0707.

### Summary Judgment Standard

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary

judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party, and the court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

### Failure to Exhaust Administrative Remedies

Defendants first assert that Plaintiff's claims are subject to dismissal because Plaintiff has failed to exhaust available administrative remedies relative thereto as mandated by 42 U.S.C. § 1997e. Pursuant to this statute, Plaintiff was required to exhaust administrative remedies available

to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.

This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson, supra*, 385 F.3d at 516, *quoting Porter v. Nussle, supra*, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id*.

In this regard, the Louisiana Department of Public Safety and Corrections has implemented a two-step administrative process that involves the submission of an initial grievance to the warden's office at the inmate's facility. *See* 22 La. ADC, Part I, § 325. A review of the record reveals that on January 30, 2023, Plaintiff filed a letter requesting a PREA investigation regarding the claims presented herein. *See* R. Doc. 33-4, p. 4. The letter was accepted as a grievance and given case number LSP-2024-0147 on February 1, 2024. *See* R. Doc. 33-4, p. 3. On February 16, 2024, Plaintiff filed a document titled "Supplement to Administrative Remedy Procedure No.: LSP-2024-0147". *See* R. Doc. 33-4, p. 8.

On February 26, 2024, a First Step Response was issued, and Plaintiff signed to

acknowledge receipt of the First Step Response on February 28, 2024. *See* R. Doc. 33-4, p. 5-6. There is nothing in the record showing that Plaintiff proceeded to the Second Step of the administrative process. Instead, Plaintiff filed his Complaint herein on March 19, 2024, and stated that the prison was refusing to file his grievance regarding the alleged sexual assault by Defendant Oliveaux. *See* R. Doc. 1. The proposed grievance that the prison was allegedly refusing to file contained nearly the same information Plaintiff had already provided in LSP-2023-0147.

As such, the prison opened an administrative remedy proceeding for Plaintiff, and he responded by supplementing his grievance with additional information. Plaintiff received a First Step Response, but did not proceed to the Second Step. Accordingly, Plaintiff failed to exhaust the administrative remedies available to him prior to filing suit as required by 42 U.S.C. § 1997e, and this Court has no authority to excuse his failure to exhaust. *Ross v. Blake*, 578 U.S. 632, 639 (2016).

In his Motion for Summary Judgment (R. Doc. 34), Plaintiff asserts that the operative grievance is LSP-2023-1821 (R. Doc. 19-2). However, Plaintiff did not complain about the alleged sexual assault by Defendant Oliveaux therein. Instead, Plaintiff complained about scrotum pain and other related symptoms he had been experiencing since September of 2023. *See* R. Doc. 19-2, p. 4. Even if the Court were to treat LSP-2023-1821 as the operative grievance, Plaintiff did not receive the Second Step response in that proceeding until March 26, 2024, after he had already filed his initial Complaint herein. *See* R. Doc. 19-2, p. 33. As such, LSP-2023-1821 was not exhausted prior to filing suit as required.

In sum, competent summary judgment evidence establishes, and there is no competent summary judgment evidence to the contrary, that Plaintiff did not exhaust his administrative remedies prior to filing this action. Although Plaintiff alleges that his efforts to exhaust were thwarted by Defendant Oliveaux, the record belies Plaintiff's bare, unsubstantiated allegations that

the administrative grievance process was not available to him. Accordingly, Defendants' Motion for Summary Judgment (R. Doc. 34) should be granted, dismissing Plaintiff's claims with prejudice since they are now prescribed[1].

## RECOMMENDATION

It is recommended that Plaintiff's Motion for Summary Judgment (R. Doc. 34) be denied, and that Defendants' Motion for Summary Judgment (R. Doc. 33) be granted, dismissing all of Plaintiff's claims against all Defendants, with prejudice.

Signed in Baton Rouge, Louisiana, on July 31, 2025.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The complained of conduct allegedly occurred on August 3, 2023, and again on January 4, 2024.